Tom Dzieman OSB 76-123
Tom Dzieman Attorney P.C.
915 West 10th Street
Medford, Oregon 97501
Telephone: 541.772.7457
Facsimile: 541.858.5972

FILED '05 APR 22 13:54USDC-ORM

Robert C. Huntley ISB#894
HUNTLEY PARK LLP
250 So. Fifth Street, Suite 660
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

EARL SCOTT LLOYD,

      Plaintiff,

Vs.

The UNITED STATES MARSHALS
SERVICE, an agency of the United States
of America and the UNITED STATES
DEPARTMENT OF JUSTICE, an Agency
of the United States of America, both By
and through the Honorable Alberto Gonzales,
Attorney General; and the UNITED STATES
OF AMERICA,

      Defendants.

CASE NO. 05 -3032 -CO

(Formerly Idaho Case No. CIV
03-0004-S-DOC)

**Complaint
And
Demand for Trial by Jury**

Complaint and Demand for Trial by Jury – Page 1

Rec 199

Plaintiff as his complaint alleges:

## PART I:  PRELIMINARY STATEMENT

1.      This is an action against The United States of America, the United States Marshals Service, an agency of the United states of America; the United States department of Justice, an agency of the United States of America, by and through the Honorable Alberto Gonzales, Attorney General, who have been acting individually and in concert to procure the wrongful terminations of Court Security Officers throughout the United States of America in violation of their rights under the contracts of employment, in violation of their civil rights, and in violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the comparable state statutes prohibiting discrimination against persons because of their age or disabilities or perceived disabilities or a record of disabilities and in violation of the Rehabilitation Act of 1973 and effectuating such terminations in violation of the CSO's  right to substantive and procedural due process.

## PART II:  JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1983.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) and (4) (civil rights jurisdiction) and §§ 501 through 504 and § 505 et seq. of the Rehabilitation Act of 1973; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and the Americans With Disabilities Act and by virtue of joining agencies of the United States of America as Defendants, and by virtue of the claims being brought under federal statute. Declaratory relief is authorized by 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.  Injunctive relief is authorized by 28 U.S.C. § 2202, 42 U.S.C. § 1983, and Fed. R. Civ. P. 65.  Defendant federal agencies are in violation of the requirements of the Federal Administrative Procedures Act, 5

U.S.C. § 551 et seq.; Defendants have further deprived Plaintiffs of procedural due process in violation of the Fifth Amendment to the U.S. Constitution as enforced by 42 U.S.C. § 1983.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant United States Marshals Service does business in connection with the subject contracts of employment with the employment of court security officers in the State of Oregon.

4.    Further, Plaintiff wishes to pursue claims under the Back Pay Act, 5 U.S.C. §5596, with respect to the pay and compensation lost by him on account of the unlawful acts of Defendant described in his Complaint.  Inasmuch as this Court lacks jurisdiction over Back Pay Act claims in excess of $10,000, at the conclusion of the adjudication, of the claims before this Court, Plaintiff will petition for transfer of this case to the United States Court of Federal Claims, pursuant to 28 U.S.C. §1631, for adjudication of Back Pay Act claims.

5.    The amount in controversy exceeds the sum of $100,000 exclusive of interest, attorneys fees, and costs.

## PART III:  PARTIES

6.    Plaintiff Earl Scott Lloyd is a citizen and resident of Oregon and was terminated from his employment as a Court Security Officer (CSO) in Medford, Oregon on October 30, 2002.  His termination was wrongfully made on the basis of a perceived disability, or failure to accommodate his disability, and/or his age in violation of the Due Process Rights he possessed under his employment arrangement.

7.    The Plaintiff is entitled to a ruling to the effect that the administrative remedies completed by various plaintiff's in the *Strolberg, et al, v. USMS & AKAL,* Civil No. 03-0004-S-DOC, USDC for the District of Idaho, may be relied upon by Plaintiff for the exhaustion of his administrative remedies under the "single filing rule" or "piggy-backing doctrine". Mr. Lloyd has received a Right-to-Sue letter from the EEOC and his process under the USMS/DOJEEO procedure is exhausted.

8.      The AKAL Security, Inc. is a contractor for the United States Marshals Service, whose

contract requires it to provide Court Security Officers for protective services in federal buildings in

various of the states of the United States, including the federal Court facilities in Oregon.

9.      The Defendant United States Marshals Service (USMS), has the authority to "credential"

the CSOs employed by AKAL, is a part of the Department of Justice and is an agent of the United

States government.  Further, the U.S. Marshal Service exercises sufficient dominion and control

over the CSOs as to make it an employer of the CSOs for purposes of the illegal behavior alleged

herein.

10.     The Defendant Department of Justice, by and through its Chief Administrative Officer, the

Honorable Alberto Gonzales, Attorney General, has some supervisory authority over the United

States Marshals Service and the CSOs, and is also an agent of the Untied States of America.

11.     The Defendant United States of America is the ultimate authority to which the United

States Marshals Service and the United States Department of Justice are responsible for their

wrongful acts and omissions.

## PART IV:  FACTUAL ALLEGATIONS

12.     The Plaintiff was employed under the terms and conditions of a contract between the U.S.

Marshall Service and AKAL, which contract in turn referred to and adopted various terms and

conditions in the Collective Bargaining agreement (CBA) between AKAL and certain unions

representing the Plaintiff.

13.     Under the CBA(s) there is a provision to the following general effect:

> After completion of the probationary period, as specified in Section 2.5, no
> Employee shall be dismissed or suspended without just cause, unless the company
> is directed by the U.S. government to remove the Employee from working under the
> Employer's contract with the U.S. government, or if the Employee's credentials are
> denied or terminated by the U.S.M.S. or in cases of gross misconduct by the
> Employee.  The company's contract with the U.S. government sets out performance
> standards for CSOs in Section C of the contract between the company and the
> U.S.M.S....

In other words, the CSOs are not employees at-will, but rather can only be terminated for cause or for a bonafide and valid reason for revocation for their credentials.

14.     By virtue of the aforementioned contracts and agreements and the policies and procedures of the U.S. Marshals Service, Plaintiff was not an "at-will" employee and is entitled to due process, both procedural and substantive, protection from termination without cause, which contract rights, (including the Covenant of Good Faith and Fair Dealing), has been denied to him.

15.     The Plaintiff was physically and medically qualified for his employment as Court Security Officers at the time of his employment, and was physically and medically qualified (subject to reasonable accommodation in some instances) at the time of his termination, which termination was accomplished by a revocation of credentials by the USMS followed by his termination by AKAL.

16.     Plaintiff is informed and therefore alleges it to be the fact, that in certain instances where USMS has revoked or sought to revoke credentials, AKAL has disagreed with that determination.

17.     The Plaintiff is fully qualified medically for the performance of his duties, both under any medical standards which existed at the time of his employment or any reasonable medical standards allegedly or appropriately relied upon by the Defendants at the present time. To the extent Plaintiff may have a disability, he can fully perform his duties with reasonable accommodation.

18.     The Plaintiff has been informed from various sources, and therefore alleges it to be the fact, that the U.S. Marshals Service is using the present health standards as a surrogate for its desire and goal to perpetrate termination by virtue of age upon the CSOs. For example, Mr. Mark A Farmer, The Chief of Judicial Protection for the U.S. Marshals Service, admitted in a conversation with SRLCSO Donald L. Conner of Portland that the final report on medical requirements for Court Security Officers had the purpose of "getting rid of the old guys". Additionally, approximately four years ago, Charles McNeil, who was then the Chief U.S. Marshal for New Jersey, stated that the U.S. Marshals Service had been drafting a plan for the termination of all CSOs over the age of

65 and that they had had to abandon that plan after discovering the plan would constitute unlawful age discrimination.

19.    The Defendant U.S. Marshals Service has in a number of instances revoked the medical qualification credential of a CSO or has threatened to revoke the credential of a CSO based upon (a) faulty medical exams, (2) examinations which do not meet the criteria established by the U.S. Marshals Service; (3) incorrect interpretation of the results of the examinations; and (4) medical reports based upon incorrect testing standards (such as failure to test with hearings aids when the standards permit).

20.    Plaintiffs in the *Strolberg* action have exhausted all required administrative remedies through the agencies of the federal government and have received authorization to proceed in court.  Additionally, they have received notices from the U.S. Marshals service and the U.S. department of Justice that there are no further grievance or administrative appeal procedures to which they are entitled by virtue of USMS's position that the CSOs are not employees of the USMS.  Additionally, several terminated CSOs have completed their required filings and claim process before their respective Human Rights Commissions.  Those CSOs who have not completed their administrative proceedings are entitled to "piggyback" upon the filings of those who have.  Plaintiff herein has received his Right-to-Sue letter with the EEOC and there are no administrative remedies available through the Department of Justice and likewise there is no grievance procedure under the Collective Bargaining Agreement with AKAL wherein the wrongful revocation of credentials can be addressed.

21.    The USMS in filings in the Administrative proceedings claims no responsibility for the wrongful terminations and threatens to wrongfully terminate on the basis (1) of an argument that it is not the employer under theories applicable to determination of "independent contractor status" in other circumstances and under the further theory (2) that if the CSOs have been wrongfully terminated, it is the actions of the Contracting Corporations themselves which effected the terminations despite the USMS's knowledge that the terminations were brought about solely and

exclusively by the withdrawal of certification by the USMS. The Contracting Corporation AKAL, having knowledge of the wrongful revocation of certification by the USMS, is not justified in carrying out the illegal and wrongful terminations without having first attempted to obtain a court order legitimizing its right to do so. In seeking to effect new standards, the United States of America Defendants have failed to comply with the requirements for establishing new substantive rules under the Administrative Procedure Act, 5 U.S.C. §551(4) and 553(b), (c) and (d).

22.    Title 42 U.S.C.S. §12112(b)(2) provides that AKAL, by participating and contracting and arranging with the Federal Defendants in an arrangement and relationship which results in discrimination is equally responsible for discriminatory acts perpetrated by the Federal Agency, that section reading in part as follows:

23.    Title 42 U.S.C.S. §12112(b)(2) provides that AKAL, by participating and contracting and arranging with the Federal Defendants in an arrangement and relationship which results in discrimination is equally responsible for discriminatory acts perpetrated by the Federal Agency, that section reading in part as follows:

§ 12112. Discrimination

(a)    General rule

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b)    Construction

As used in subsection (a) of this section, the term "discriminate" includes –

(1)    limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

(2)    participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such

relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs);

This section and paragraph "22" herein is hereby incorporated by reference in each of the causes of action which follow under Part V of this Complaint.

## PART V:  CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Due Process)

24.    Plaintiff re-pleads Paragraphs 1 through 22 as though fully set forth herein.

25.    By virtue of the union contract and by virtue of the contractual arrangements between AKAL and the USMS, the Plaintiff was not an at-will employee, but rather can only be terminated for just and reasonable cause after being afforded appropriate procedures and hearing opportunities to protest or contest any inappropriate application of medical standards, interpretation of medical standards, or medical testing or any other reason which was improperly invoked or utilized by the USMS in withdrawing their credentials.  No such grievance or hearing process was provided to the Plaintiff to present such matters, and the Defendants, and especially the government entities, have taken and continue to take the position that the Plaintiff was not entitled to any substantive and procedural hearings in that regard, all of which is in violation of the due process clauses of the United States Constitution and 42 U.S.C. § 1983. (There is case authority to the effect that government employees may not maintain a due process claim if their wrongful termination is subject to remediation under the Rehabilitation Act of 1973.  In companion cases throughout the United States the Federal Defendants have asserted the position that the CSOs are not federal employees and have also asserted the position that they do not have a claim under the Rehabilitation Act of 1973.  In the event this Court should adopt the position of the Federal Defendants on those two issues, then, in that event, Plaintiff desires to pursue his due process claim.  On the other hand, if Plaintiff is  permitted to pursue his Second Cause of Action

herein to the jury or other favorable conclusion, then Plaintiff will withdraw his due process claim.)

## SECOND CAUSE OF ACTION

### (Wrongful Termination Under the Rehabilitation Act of 1973)

26.    Plaintiff re-pleads paragraphs 1 through 24 as though fully set forth herein.

27.    The Plaintiff has been wrongfully terminated due to a perceived disability or record of disability under the Rehabilitation Act of 1973 (or failure to provide reasonable accommodation) and, therefore, is entitled to be reinstated and to receive past and future economic and emotional general damages and attorneys fees whether he is reinstated or not. Plaintiff is further entitled to injunctive relief.

The acts and omissions which were inappropriate, include, but are not limited to: termination; failure to accommodate; acquiescence in the USMS revocation of credentials to serve as CSOs based on a perceived rather than an actual disability; negligent or willful failure to make decisions based upon the actual medical record of the Plaintiff; failure to provide the Plaintiff with a meaningful and appropriate process of review and analysis of medical information; failure to follow the medical guidelines which are applicable to the employment; failure to follow appropriate medical testing procedures; incorrect analysis of medical test results; and other improper acts or omissions which have lead to the revocation of credentials by the USMS. Although some documentation contains denials by AKAL that it "perceived" that the Plaintiff had a disability, its actions acceded to that perception by the USMS and indeed AKAL cooperated with the USMS in the termination of the CSOs without proper and adequate resistance to the revocation of the credentials. Additionally, AKAL made no effort to place the Plaintiff in alternative positions with the company and did not consult with the Plaintiff about potential accommodation as required by the regulations of the EEOC.

Complaint and Demand for Trial by Jury – Page 9

The acts and omissions of the Defendants herein above alleged constitute wrongful termination and other wrongful activity as proscribed by the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq. and including §§501, 504 and 505 of the Act.  The defendants have violated the Rehabilitation Act by acts and omissions including, but are not limited to: termination; failure to accommodate; revocation of credentials to serve as CSOs based on a perceived rather than an actual disability; negligent or willful failure to make decisions based upon the actual medical record of the Plaintiff; failure to provide the Plaintiff with a meaningful and appropriate process of review and analysis of medical information; failure to follow the medical guidelines which are applicable to the employment; failure to follow appropriate medical testing procedures; incorrect analysis of medical test results; and other improper acts or omissions which have lead to the revocation of credentials.  The Court Security Officer Program comes within the definition of "…any program or activity conducted by any Executive agency", it being a program under the direction and control and operation of the United States Department of Justice, the U.S. Marshals Service, and Alberto Gonzales, thereby making the Rehabilitation Act applicable to AKAL.  For purposes of the Act, Plaintiff is an employee of both the U.S. Marshals Service and AKAL.

## THIRD CAUSE OF ACTION

### (Age Discrimination In Employment Act)

28.     Plaintiff re-pleads paragraphs 1 through 26 as though fully set forth herein.

29.     The Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 et seq., prohibits discrimination in employment based on age.

30.     The Plaintiff is a person within the protected category of employee under the ADEA and was and is qualified to perform his work as a Court Security Officer.

31.     The Plaintiff was replaced by younger persons whose qualifications were not greater than those of the Plaintiff's.

32.     The Plaintiff has been terminated because of his age by AKAL which acted in conjunction with the United States Marshals Service which had sought to achieve a younger-appearing security force.

33.     Neither AKAL nor the USMS are entitled to violate the rights of the Plaintiff for his age under the pretext of misapplication of physical health standards or improper health testing or misinterpretation of test results.

34.     The USMS cannot directly discriminate against the Plaintiff because of his age, and it cannot do so indirectly by having its contractor, AKAL, perform the discriminatory acts. The withdrawing of Credentials because of asserted medical conditions is a ruse and a pretext to terminate or threaten to terminate the Plaintiff because of his age.  AKAL has gone along with the efforts of the USMS to engage in age discrimination, and AKAL's protestations were merely the giving of lip service to give the appearance of a contrary position.

35.     One example of the evidence available to establish that the medical standards (regardless of the validity) are being utilized by the Defendants as a surrogate for blatant age discrimination is the following comparison of the standards used for various agencies employing officers in a comparable line of work.  The hearing requirements for peace officers in activities more dangerous and physically demanding than the work environment of CSOs are less stringent than those being applied to the CSOs as demonstrated by the following table:

HEARING STANDARDS

COMPARISON BY AGENCIES

| AGENCY | 500-2000 Hz | 3000 Hz | 4000 Hz | 6000-8000 Hz |
|---|---|---|---|---|
| USMS Court Security Officer | 30 dB | 40 dB | 50 dB | Requires testing if aids worn |
| US Marshals USMS | 30 dB | 40 DB | N/A | N/A |

Complaint and Demand for Trial by Jury – Page 11

| US Border Patrol | 30 dB | N/A | N/A | N/A |
|---|---|---|---|---|
| US Customs Officers | 30 dB | N/A | N/A | N/A |
| Criminal Investigator, Treasury Enforcement Officer-Secret Service, ATF | 30 dB | N/A | N/A | N/A |
| Homeland Security TSA Screeners | 30 dB | 50 dB | 55 dB | N/A |

35.     The Plaintiff's damages for violation of the statute include backpay, frontpay, loss of past and future benefits, emotional distress and a doubling of backpay damages, prejudgment interest and benefits by virtue of the Defendants' willful conduct and an award of attorney fees and costs.  Plaintiff seeks equitable relief including reinstatement.

## FOURTH CAUSE OF ACTION

### (Contract)

36.     Plaintiff re-pleads paragraphs 1 through 35 as though fully set forth herein.

37.     By virtue of the terms and conditions of his employment, the Plaintiff is not an "at-will" employee and is entitled to full and complete reinstatement and bridging of benefits and past and future economic and general damages.  The Defendants breached the contract by terminating the terminated CSOs without cause and without procedural and substantive due process.  Further, Defendants' actions were a breach of the "Covenant of Good Faith and Fair dealing" and are in violation of the public policy of the state of Oregon and the United States of America.

38.     Plaintiff seeks damages and a declaratory judgment that any provisions of his employment contract arrangement which requires or permits Defendants to act illegally or in violation of public policy are null and void.  Plaintiff has been required to incur unreimbursed expenses for medical testing and medical reports because of defendants' actions and are entitled to recover same because payment therefore is the responsibility of the Defendants.

## FIFTH CAUSE OF ACTION

**(Back Pay Act, 5 USC §5596)**

39.     The allegations in paragraphs 1 through 38 above are incorporated herein by reference.

40.     By virtue of their day-to-day supervision and control by officers and USMS employees, each Plaintiff, while employed as a CSO, was "an employee of an agency," within the meaning of 5 USC §5596(b)(1), who has been affected by an unjustified or unwarranted personnel action resulting in the withdrawal of pay, allowances or differentials.

## SIXTH CAUSE OF ACTION

### (Concert of Action)

41.     Plaintiff re-pleads paragraphs 1 through 40 as though fully set forth herein.

42.     The Contracting Corporation AKAL and the Defendant government entities, either by intention or by the happenstance of their various contracts, regulations, and policies, are and have been acting in concert to bring about the wrongful termination of Plaintiff by virtue of the following and other devices:

(A) Contracting Corporation's claim they are not responsible for wrongful termination under an ADA theory because:

(i)     They are only carrying out orders under their contractual arrangements with the USMS when the USMS revokes a Court Security Officer's credentials; while,

(ii)     Nevertheless, terminating the employee when it well knows that the employee neither has a disability, a disability which cannot be accommodated, nor a perception by Contracting Corporation itself of a disability; while at the same time,

(B)     The U.S. Marshals Service claims that it is not the employer and therefore   it cannot be liable for wrongful termination when, in fact:

(i)     The U.S. Marshals Service triggers the termination by Contracting Corporation through its wrongful revocation of Credentials and

Complaint and Demand for Trial by Jury – Page 13

(ii)     The USMS was party to and insisted upon the policy, the contractual

arrangements, and regulatory foundation of the hiring arrangement of the CSOs.

43.     Neither the Contracting Corporation nor the USMS has either a right or a duty to

implement contract provisions which are illegal or contrary to public policy.

## PART VI: DAMAGES

44.     The damages to the Plaintiff exceed the sum of $100,000 exclusive of interest, costs

and attorneys fees on each cause of action.  Some of his damages are compensable by

monetary award of past and future loss of wages and benefits, emotional and other general

damages, and bridging of seniority and retirement benefits, and/or reinstatement.  Other of

his damages are irreparable and have no adequate remedy at law.  The Plaintiff is entitled to

be reimbursed from the defendants for his cost of medical examinations which were ordered

and conducted and not paid for by the Defendants under the terms of the employment

contract.

## PART VII:  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     The Court assert jurisdiction and venue over this case.

2.     The Court provide the Plaintiff with appropriate injunctive and/or mandamus relief.

Plaintiff requests leave to conduct discovery before moving for injunctive or mandamus

relief.

3.     For an Order reinstating Plaintiff in his employment.

4.     For payment of general and special damages, including economic loss, both past and

future as may be proved at trial, together with bridging of seniority and benefits and for

reimbursement of medical exam expense.

5.     Upon proper application, for the issuance of temporary restraining orders, preliminary

injunctions, permanent injunctions, and writs of mandate as may be appropriate to prevent

further wrongful conduct on the part of the Defendants and to protect the rights of the Plaintiff.

6.      For Declaratory Judgment that any Provisions of the contract between the U.S. Marshall service for AKAL and/or the Collective Bargaining Agreement and/or the employment relationship in general which result in illegal action or violation of public policy is null and void.

7.      With reference to the Fifth Cause of Action (Back Pay Act), to the extent that such relief, or equivalent relief, is not ordered by the Court under the other causes of action herein, at the conclusion of the adjudication of the other causes of action, Plaintiff will petition for transfer of this case to the United States Court of Federal Claims, pursuant to 28 U.S.C.§1631, for adjudication of the Back Pay Act claims of Plaintiff.

8.      For an award to the Plaintiff of his reasonable attorneys fees, costs and expenses.

9.      For such other and further relief as may be just and equitable in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on his causes of action at law.

DATED this ___22___ day of ___April___, 2005.

Tom Dzieman OSB 76-123
Tom Dzieman Attorney P.C.
915 West 10th Street
Medford, Oregon  97501
Telephone: 541.772.7457
Facsimile:  541.858.5972

Robert C. Huntley ISB#894
HUNTLEY PARK LLP
250 So. Fifth Street, Suite 660
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234

Attorneys for Plaintiffs